IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00882-WDM-CBS

FURLONG ENTERPRISES, L.L.C.;
RESIDENTIAL BUILDING SYSTEMS, INC.;
MESA SANDSTONE, L.L.C.; and
DAVE AND LANA WATERS, INC., d/b/a D&L CONSTRUCTION,

      Plaintiffs,

v.

JACK NICKERSON, individually and in his capacity as Director of Public Works; and
CITY OF CORTEZ, a Colorado Charter City,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER

      Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

      1.      In this action, at least one of the attorneys for the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The attorneys for the Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The attorneys for the Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The attorneys for the Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the attorneys for the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

    a. Information regarding any complaint(s) lodged against any Party or employee of any Party by a fellow employee;

    b. Information regarding any citizen complaint(s) lodged against any Party or employee of any Party;

    c. Information regarding the investigation into any complaint(s) lodged against any Party or employee of any Party;

    d. Information regarding the results of the investigation into any complaint(s) lodged against any Party or employee of any Party; and

    e. Any private or personal information contained in the personnel file of any Party or employee of any Party.

3. Where Confidential Information is produced, provided or otherwise disclosed by the attorneys for the Parties in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to transcribed testimony, by giving written notice to

opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

    4.    Pursuant to the agreement reached by the parties during the deposition of Jay Harrington on October 1, 2009, the parties hereby agree that the "Confidential" testimony given during that deposition as well as during the deposition of Jack Nickerson on October 2, 2009 will retroactively be treated as "Confidential" until the entry of the Protective Order and until counsel for Jack Nickerson and/or counsel for the City of Cortez reviews the transcripts of those depositions and provides written notice to counsel designating such portions as "Confidential." Counsel for Mr. Nickerson and/or counsel for the City of Cortez agree to provide such designations within ten calendar days of the Court's entry of the protective order.

    5.    To the extent that any documents have been produced through disclosures or the discovery process, including depositions and responses to written discovery, counsel for any Party may designate any such documents or portions thereof as "Confidential" and subject to this protective order. Counsel for the parties agree to provide such designations within ten calendar days of the Court's entry of the protective order and any such documents will be treated as confidential from such designation forward, subject to the provisions of paragraph 13 below.

    6.    All Confidential Information provided by the attorneys for the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7. Individuals authorized to review Confidential Information pursuant to this Protective Order include, but are not limited to, the Parties to this action, their undersigned counsel, their undersigned counsel's employees, and the Defendants' self-insurance representatives. Each of these individuals shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. The parties recognize that the available sanctions for the violation of the protective order include, but are not limited to, the sanctions available under Fed.R.Civ.P. 37(b)(2)(A).

8. By producing any Confidential Information or testifying on any matter later designated as "Confidential," no Party to this protective order waives any objection or challenge to the admissibility of any such Confidential Information.

9. The Party's counsel who discloses Confidential Information to any person not authorized by the protective order to review such information shall ensure that the person reads the protective order and signs the attached affidavit. The party's counsel shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10. During the pendency of this action, opposing counsel may inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms deemed appropriate by the Court.

11. No copies of Confidential Information shall be made except by or on behalf of

counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

12. During pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom.

13. The attorneys for the parties may object to the designation of particular Confidential Information by giving written notice to the attorney for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the attorneys for the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the attorney for the party designating the information as confidential to file an appropriate motion within twenty (20) business days after the time the notice is received requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the attorney for the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

14. In the event it is necessary for the attorneys for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

15. The termination of this action shall not relieve counsel or other persons obligated

hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

16. By agreeing to the entry of this Protective Order, the attorneys for the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

17. Upon termination of this litigation, including any appeals, each Party's counsel shall promptly return to the producing party all Confidential Information provided subject to this Protective Order or provide confirmation that all such information has been destroyed. At that time, counsel shall provide opposing counsel with the list of individuals prepared pursuant to paragragh 9 above.

18. Nothing in this Protective Order shall preclude any attorney for a Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED at Denver, Colorado, this 3rd day of November, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

s/ Milton ("Skip") Smith

*Milton ("Skip") Smith*
SHERMAN & HOWARD LLC
90 S. Cascade Ave., Suite 1500
Colorado Springs, CO 80903
Telephone: (719) 475-2440
Fax: (719) 635-4576
Email: ssmith@shermanhoward.com
*Counsel for Plaintiffs*

s/ Heidi J. Hugdahl

*Heidi J. Hugdahl*
NATHAN, BREMER, DUMM & MYERS, P.C.
3900 East Mexico Avenue, Suite 1000
Denver, CO 80210
Telephone: (303) 691-3737
Fax: (303) 757-5106
Email: hhugdahl@nbdmlaw.com
*Counsel for Defendant City of Cortez*

s/ Gillian M. Fahlsing

*Gillian M. Fahlsing*
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
Fax: (303) 320-0210
Email: gfahlsing@sgrllc.com
*Counsel for Defendant Nickerson*

# AFFIDAVIT

STATE OF COLORADO   )
                    )ss
COUNTY OF           )

_____, swears or affirms and states under penalty of perjury:

1.I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

2.I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)
Address:
_____
_____
Telephone No.: (\_\_\_\_\_) _____

*SUBSCRIBED AND SWORN* to before me this _____ day of _____, 200\_\_\_\_, by _____.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires:_____

[SEAL]