IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00882-WDM-CBS

FURLONG ENTERPRISES, LLC.,
RESIDENTIAL BUILDING SYSTEMS, INC.,
MESA SANDSTONE, LLC., and
DAVE AND LANA WATERS, INC. d/b/a D&L CONSTRUCTION,

      Plaintiffs,

v.

JACK NICKERSON,
individually, and in his capacity of Director of
Public Works; and
CITY OF CORTEZ, a Colorado Charter City,

      Defendants.

---

**SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER**

---

Plaintiffs, by their counsel, and Defendants Jack Nickerson and the City of Cortez, by their counsel, stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning counsel for Plaintiffs' review of Defendant Nickerson's personnel file and, as grounds therefore, state as follows:

    1.    In this action, pursuant to F.R.C.P. 34, Plaintiffs have requested the personnel file of Defendant Nickerson. Defendant Nickerson is of the position that his personnel file is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as to the claims against him which involve alleged transgressions concerning Plaintiffs' use of native soil for trench backfill in various construction projects. Defendant Nickerson also takes the position that the personnel file contains private and confidential information. Upon review of the file, counsel for Defendant Nickerson is further of the

opinion that the file does not contain any information that would otherwise be admissible under the Federal Rules of Evidence.

2. The Parties assert that the disclosure of such information outside the scope of this litigation and to the Plaintiffs at this time could result in significant injury to Defendant Nickerson's privacy interests. The Parties have entered into this Supplemental Stipulation and request the Court to enter the within Protective Order for the purpose of facilitating counsel for Plaintiffs' review of the requested information and, if necessary, an in camera inspection of any disputed documents within that file by the Court.

3. Plaintiffs and Defendants stipulate and agree that should the Court enter this Protective Order, Defendants will label each document within the personnel file as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" and counsel for Plaintiffs will be able to review the personnel file at the office of counsel for Defendant Nickerson.

4. The parties have agreed that prior to counsel for Plaintiffs' review of the personnel file, the following information will be redacted from the documents within the file: (1) any personal identifying information such as social security number, date of birth, home address, etc.; and (2) any financial information including but not limited to personal wages.

5. Plaintiffs and their counsel stipulate and agree that none of the information contained within the documents reviewed by counsel for Plaintiffs can be shared with Plaintiffs **or used at all in this case** until and if the steps set forth below have been satisfied. Any violation of this provision may subject both Plaintiffs and counsel for Plaintiffs to sanctions.

6. After review of the personnel file, if counsel for Plaintiffs requests that certain documents be produced as "CONFIDENTIAL" pursuant to the Stipulation and Protective Order previously entered

by the Court, he and counsel for Defendant Nickerson will confer and attempt to reach an agreement on the proposed documents.

7. If the parties cannot reach an agreement after good faith conferral, Plaintiffs will file a motion with the Court seeking an in camera review of the disputed documents requesting that the Court make a determination as to the discoverability of the disputed documents. Said motion shall be filed under seal pursuant to the terms of D.C.COLO.LCivR 7.2.

8. After inspection, should the Court determine that some or all of the submitted documents are discoverable, Defendant Nickerson will label those documents as "CONFIDENTIAL" and they shall be subject to the terms of the Stipulation and Protective Order previously entered in this case.

9. Counsel for Plaintiffs will only be permitted to share with Plaintiffs information contained within any document from the personnel file should the Court order the document containing that information be produced.

DATED at Denver, Colorado, this 2nd day of April, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

s/ Milton Smith
*Milton Smith*
**SHERMAN & HOWARD, L.L.C.**
90 S. Cascade Avenue, Suite 1500
Colorado Springs, Colorado 80903-4015
Telephone: (719) 448-4010
Facsimile: (719) 635-4576
e-mail: msmith@shermanhoward.com

*Attorney for Plaintiffs*

s/ Eric M. Ziporin
*Eric M. Ziporin*
**SENTER GOLDFARB & RICE, L.L.C.**
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
e-mail: eziporin@sgrllc.com

*Attorney for Defendant Jack Nickerson*

s/ Heidi Hugdahl
*Heidi Hugdahl*
**NATHAN, BREMER, DUMM & MYERS, P.C.**
3900 E. Mexico Avenue, Suite 1000
Denver, Colorado 80210-3945
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
Email: hhugdahl@nbdmlaw.com

*Attorney for Defendant City of Cortez*